UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHARON LESLIE BROWN,<br><br>                          Plaintiff,<br><br>         -against-<br><br>DONALD TRUMP; KAMALA HARRIS;<br>BARACK OBAMA; CORNELL WEST,<br><br>                          Defendants. | 24-CV-7909 (LLS)<br><br>ORDER OF DISMISSAL |

LOUIS L. STANTON, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under the Court's federal question jurisdiction and diversity of citizenship jurisdiction, alleging that Defendants violated her rights. By order dated July 14, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citations omitted)

(emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

The following facts are drawn from the complaint.[1] Plaintiff alleges that Defendants

> All ran for president when they were ineligible or West ran because I was going to run since 1990s when old enough. They have tried to thwart my campaign by using my campaign ideas to raise funds and get the voter base excited and interested because they have been successful raising money by using my campaign ideas the money should revert to my campaign because the voters liked my ideas not their plagiarism. They are using my ideas and are being hailed for it even though my posts show I came up with the ideas. They are time date stamped and Cornell West came to my church with other people to steal my idea to run. He may be ineligible as a non natural born citizen or because he interfered with election by trying to cause harm to me to stop me from running my campaign has suffered because of plagiarism.

(ECF 1 at 5.)

Plaintiff alleges that "the first time" she ran for president in 2012 she was "harassed, assaulted, lied on, abused, etc." (*Id.* at 6.) Plaintiff seeks money damages and to "stop election interference" and plagiarism. (*Id.*)

## DISCUSSION

**A.     Plaintiff's claims are frivolous**

Under the IFP statute, a court must dismiss an action if it determines that the action is frivolous or malicious. 28 U.S.C. §1915(e)(2)(B)(i). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). A complaint is "'factually frivolous' if the

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

sufficiently well-pleaded facts are 'clearly baseless' − that is, if they are 'fanciful,' 'fantastic,' or 'delusional.'" *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (quoting *Denton*, 504 U.S. at 32-33) (finding as frivolous and baseless allegations that set forth a fantastical alternative history of the September 11, 2001 terrorist attacks); *see also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989) (A claim is frivolous when it "lacks an arguable basis either in law or in fact."); *Livingston*, 141 F.3d at 437("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory." (internal quotation marks and citation omitted)). Moreover, a court has "no obligation to entertain pure speculation and conjecture." *Gallop*, 642 F.3d at 368.

  Plaintiff's complaint is premised upon her belief that since 2012, Defendants have attempted to thwart her presidential campaigns, committed plagiarism, and are responsible for her having been assaulted and harassed. However, a "[p]laintiff's beliefs − however strongly she may hold them − are not facts." *Morren v. New York Univ.*, No. 20-CV-10802 (JPO) (OTW), 2022 WL 1666918, at *18 (S.D.N.Y. Apr. 29, 2022) (citation omitted), *report and recommendation adopted*, 2022 WL 1665013 (S.D.N.Y. May 25, 2022). Plaintiff provides no factual basis for her assertions that she was the victim of a decade-long conspiracy. *See Lefkowitz v. John Wiley & Sons, Inc.*, No. 13-CV-6414, 2014 WL 2619815, at *10 (S.D.N.Y. June 2, 2014) (complaint must set forth facts showing basis for information and belief); *Johnson v. Univ. of Rochester Med. Ctr.*, 686 F. Supp. 2d 259, 266 (W.D.N.Y. 2010) (even where necessary evidence is in "exclusive control of the defendant, . . . plaintiff must still set forth the factual basis for that belief").

  The Court finds that Plaintiff does not provide any plausible factual support for her claims and that they rise to the level of the irrational. *See Livingston*, 141 F.3d at 437. Plaintiff

has provided the court with a narrative full of details of what she believes − that Defendants have conspired to deprive her of her rights. Despite all of the details provided, Plaintiff has pleaded no factual predicate in support of her assertions. Plaintiff's allegations amount to conclusory claims and suspicions that are not plausible and must be dismissed as frivolous. *See Kraft v. City of New York*, 823 F. App'x 62, 64 (2d Cir. 2020) (holding that "the district court did not err in *sua sponte* dismissing the complaint as frivolous," based on the plaintiff's allegations that he had "been the subject of 24-hour, multi-jurisdictional surveillance by federal 'fusion centers' and the New York State Intelligence Center, which put a 'digital marker' on him in order to collect his personal data and harass him"); *Khalil v. United States*, No. 17-CV-2652, 2018 WL 443343, at *4 (E.D.N.Y. Jan. 12, 2018) (dismissing complaint where "[p]laintiff allege[d] a broad conspiracy involving surveillance of and interference with his life by the United States and various government actors" because her allegations were "irrational and wholly incredible").

**B.     Leave to amend denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Plaintiff's complaint does not suggest that she is in possession of facts that would cure the identified deficiencies. *See Gallop*, 642 F.3d at 369 (district court did not err in dismissing claim with prejudice in absence of any indication plaintiff could or would provide additional allegations leading to different result); *Fischman v. Mitsubishi Chem. Holdings Am., Inc.*, No. 18-CV-8188, 2019 WL 3034866, at *7 (S.D.N.Y. July 11, 2019) (declining to grant leave to amend as to certain claims in the absence of any suggestion that additional facts could remedy defects in the plaintiff's pleading). Because the defects in Plaintiff's complaint cannot be cured with an

4

amendment, the Court declines to grant Plaintiff leave to amend and dismisses the action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

**C.    Litigation history and warning**

The Court notes that Plaintiff, under the name "Sharon Jeter," is barred, under 28 U.S.C. § 1915(g), from filing any federal civil action IFP while she is a prisoner, unless she is under imminent danger of serious physical injury. *See Jeter v. CNYPC*, ECF 1:15-CV-6802, 6 (S.D.N.Y. Dec. 7, 2005) (lead action). Plaintiff is barred under Section 1915(g) from filing actions while she is a prisoner because she previously filed three or more civil actions or appeals in a federal court that were dismissed as frivolous, malicious, or for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(g).

It seems that Plaintiff, now that she is no longer incarcerated, has continued to file nonmeritorious civil actions in this court under the name "Sharon Brown," "Sharon L. Brown," or "Sharon Leslie Brown." *See, e.g.*, *Brown v. Ventura*, No. 1:25-CV-3635 (LLS) (S.D.N.Y. June 20, 2025) (dismissed as frivolous); *Brown v. World Health Org.*, ECF 1:24-CV-7216, 11 (S.D.N.Y. Mar. 7, 2025) (dismissed for lack of subject matter jurisdiction, notice of appeal filed Mar. 28, 2025); *Brown v. United Nations*, ECF 1:24-CV-7061, 10 (S.D.N.Y. Feb. 26, 2025) (same, notice of appeal filed Mar. 7, 2025). Accordingly, the Court warns Plaintiff that, if she continues to file nonmeritorious litigation in this court, the court may issue an order barring her from filing new civil actions in this court IFP without leave of the court. *See* 28 U.S.C. § 1651

## CONCLUSION

The Court dismisses this action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i). All pending matters are terminated.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment dismissing this action.

SO ORDERED.

Dated:   July 21, 2025
        New York, New York

*/s/ Louis L. Stanton*
Louis L. Stanton
U.S.D.J.